# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOIRA TUCK, administratrix of the Estate of Andrew G. Tuck, Deceased, | : : : | No. 3:08-cv-2213 |
| Plaintiff | : : | (Judge Munley) |
| v. | : : : | |
| JARRED ALLEN CALHOUN and KNIGHT TRANSPORTATION, INC., Defendants/ Third-Party Plaintiffs | : : : : : | |
| v. | : : : | |
| NATIONAL FREIGHT, INC.; MARK CUNNINGHAM; LUZERNE COUNTY, PENNSYLVANIA; and THE PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, Third-Party Defendants | : : : : : : : | |

## **MEMORANDUM**

Before the court is Third-Party Defendant Pennsylvania Department of Transportation's (hereinafter "PennDOT") motion to dismiss the Third-Party Complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 28). Having been briefed, this matter is ripe for disposition.

**BACKGROUND**

Plaintiff Moira Tuck brings this action for negligence and wrongful death pursuant to 42 PA. CONS. STAT. ANN. §§ 8301 and 8302 as the administratrix of the decedent's estate. (Complaint (Doc. 1) at ¶¶ 2, 15-18, 22-25) (hereinafter "Complt."). Plaintiff alleges alleged that on June 12, 2008, Defendant Jarred Allen Calhoun reversed the Peterbilt tractor-trailer he was driving, striking and rolling over the decedent who was stopped behind the trailer on his Buell motorcycle. (Id. at ¶¶ 10, 11, 14). Defendant Calhoun apparently was attempting to make a right turn at the intersection of Route 309 and Crestwood Drive in Wright Township, Luzerne County, Pennsylvania when the accident occurred. (Id. at ¶ 13). Plaintiff alleges that Defendant Calhoun and his employer Defendant Knight Transportation, Inc. ("Knight Transport") are jointly and severally liable. (Id. at p. 4).

Defendants/Third Party Plaintiffs Calhoun and Knight Transport (hereinafter "Third Party Plaintiffs") filed a third-party complaint against National Freight, Inc., Mark Cunningham, Luzerne County, and PennDOT on February 16, 2009. (Doc. 13). Defendants allege that Route 309 was a road under the jurisdiction, maintenance, and control of PennDOT, and that through a variety of careless and negligent acts, PennDOT caused or

contributed to the injuries suffered by the plaintiff. (Third Party Complaint at ¶¶ 14, 36).

On April 3, 2009, PennDOT filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). PennDOT argues that the complaint should be dismissed against it because of the sovereign immunity it enjoys as an agency of the Commonwealth of Pennsylvania. (Brief in Support of Motion to Dismiss (Doc. 29) at 3).

**JURISDICTION**

The plaintiff is a citizen of Pennsylvania. (Complt. at ¶ 2). Defendant Calhoun is a citizen of Georgia. (Id. at ¶ 3). Defendant Knight Transport is an Arizona corporation with its principal business address in Phoenix. (Id. at ¶ 4). As such, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Regarding the Third-Party Defendant in the instant motion, PennDOT is an agency of the Commonwealth of Pennsylvania. (Third Party Complaint at ¶ 9). The substantive law of Pennsylvania shall apply to the case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000), citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).

**STANDARD OF REVIEW**

When a 12(b)(6) motion is filed, the sufficiency of allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35 (citation omitted).

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v.

4

Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). However, the court does not have to accept conclusions of law or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse, 132 F.3d at 906).

When considering a motion to dismiss, a court generally should look only to the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. Id.

**DISCUSSION**

PennDOT argues that it is immunized from suit as an agency of the Commonwealth of Pennsylvania, that is, the claims brought against it by Defendants Calhoun and Knight Transport are barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides as follows: "The Judicial power of the United States shall not be construed to

extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." Sovereign immunity also extends to so-called arms of the state, including a state's department of transportation. See <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984) ("in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment") (citation omitted); <u>Savory v. Kawasaki Motor Corp., U.S.A.</u>, 472 F. Supp. 1216, 1218 (E.D. Pa.1979) (finding that "a state's Eleventh Amendment immunity is not limited solely to actions where the state is a party of record but applies to cases involving agencies or instrumentalities" when PennDOT was a third-party defendant).

The third-party plaintiff's brief indicates that it agrees that PennDot cannot be sued in federal court absent a waiver of sovereign immunity. (Doc. 32, Br.in Opp'n to Mot. To Dismiss at 4). The third-party plaintiffs ask that PennDOT consent to suit for the sake of judicial efficiency because PennDOT "will be subject of an action for indemnification and/or contribution by those defendants found liable or who settle with the Plaintiff." (<u>Id.</u> at 2). Although PennDOT could indeed waive sovereign immunity, it is apparent that it does

6

not choose to do so in this case. Accordingly, PennDOT's motion to dismiss will be granted. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MOIRA TUCK, administratrix : No. 3:08-cv-2213
of the Estate of Andrew G. Tuck, :
Deceased, : (Judge Munley)
    Plaintiff :
:
    v. :
:
:
JARRED ALLEN CALHOUN and :
KNIGHT TRANSPORTATION, INC., :
    Defendants/ :
    Third-Party Plaintiffs :
:
    v. :
:
NATIONAL FREIGHT, INC.; MARK :
CUNNINGHAM; LUZERNE COUNTY, :
PENNSYLVANIA; and THE :
PENNSYLVANIA DEPARTMENT OF :
TRANSPORTATION, :
    Third-Party Defendants :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# ORDER

**AND NOW**, to wit, this 6th day of October 2009, the motion to dismiss by Third-Party Defendant Pennsylvania Department of Transportation (Doc. 28) is **GRANTED**; and the defendants' claims against the Pennsylvania Department of Transportation in its third party complaint are dismissed.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**